# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**RODNEY BARNETT**  **PLAINTIFF**
**ADC #117904**

v.  No: 4:23-cv-01105-KGB-PSH

**L. JACKSON,** *et al.*  **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to Chief United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Rodney Barnett filed a *pro se* complaint on November 20, 2023 while incarcerated at the Arkansas Division of Correction's Cummins Unit (Doc. No. 2). His application to proceed *in forma pauperis* has been granted (Doc. No. 3). The Court directed Barnett to file an amended complaint to provide more facts to support his claims (*id.*), and he filed an amended complaint (Doc. No. 4). The Court

has screened Barnett's amended complaint and finds that he does not describe facts sufficient to state a claim upon which relief may be granted.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable.

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law.

42 U.S.C. § 1983.

In his original complaint, Barnett alleged that his rights were violated because the defendants tampered with the labeling on his specimen for a drug test. Doc. No. 2 at 4-5. In the Court's order directing Barnett to amend his complaint, the Court instructed Barnett to clarify whether he alleged the drug test he complains about resulted in a disciplinary, and if so, what happened to him as a result. Doc. No. 3 at 4. In his amended complaint, Barnett continues to complain that defendants did not follow the correct procedures while administering a drug test, and that he received a disciplinary and lost class as a result. Liberally construing his amended complaint, the Court construes it as setting forth a claim that his due process rights were violated because the allegedly faulty drug test resulted in a wrongful disciplinary. For the reasons described below, the undersigned finds that Barnett fails to describe a viable claim for relief.

*Prison Procedures.* Barnett's allegation that defendants violated a code of ethics or ADC protocol is insufficient to state a viable constitutional claim. Prisoners do not have a federally protected due process right to require prison officials to comply with internal rules or procedures. *See Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003).

*Due Process.* A claim that a disciplinary was issued on false pretenses is insufficient to state a § 1983 claim as a matter of law. *See Dixon v. Brown*, 38 F.3d

370 (8th Cir. 1994) (recognizing that "the filing of a false disciplinary charge is not itself actionable under § 1983"); *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (same). Additionally, Barnett cannot maintain a due process claim based on the disciplinary process unless he can "demonstrate that he was deprived of life, liberty or property by government action." *Phillips v. Norris,* 320 F.3d 844, 846 (8th Cir. 2003). A prisoner has no liberty interest in having certain procedures followed in the disciplinary process; rather, the liberty interest arises from the "nature of the prisoner's confinement." *Phillips*, 320 F.3d at 847. "In order to determine whether an inmate possesses a liberty interest, we compare the conditions to which the inmate was exposed in segregation with those he or she could 'expect to experience as an ordinary incident of prison life.'" *Phillips*, 320 F.3d at 847 (quoting *Beverati v. Smith*, 120 F.3d 500, 503 (4th Cir. 1997)). An inmate making a due process challenge to confinement in segregation is required to "make a threshold showing that the deprivation of which he complains imposed an 'atypical and significant hardship.'" *Portly-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002) (*quoting Sims v. Artuz*, 230 F.3d 14, 22 (2d Cir. 2000)).[1]

Barnett does not describe the sentence he received as a result of the

---

[1] *See also Smith v. McKinney*, 954 F.3d 1075, 1082 (8th Cir. 2020) (holding that there is no atypical and significant hardship when an inmate is demoted to segregation or deprived of commissary, phone, and visitation privileges); *Persechini v. Callaway*, 651 F.3d 802, 807 n.4 (8th Cir. 2011) (stating that inmates do not have a liberty interest in maintaining a particular classification level).

disciplinary he received; he merely alleges he lost his class which resulted in the loss of certain privileges, reassignment to a more dangerous barracks, and a job change to field work. Doc. No. 4 at 10 & 12. He provides no details explaining why these conditions expose him to an atypical and significant hardship. Because Barnett did not describe conditions amounting to an atypical and significant hardship as a result of the disciplinary he received, he fails to state a viable due process claim.

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. Barnett's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted;

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g); and

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

It is so recommended this 5th day of January, 2024.

_____
UNITED STATES MAGISTRATE JUDGE