THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**RODNEY BARNETT**                                                      **PLAINTIFF**
**ADC #117904**

**v.**                          **Case No. 4:23-cv-01105-KGB**

**L. JACKSON,**
**Sergeant, Cummins Unit,** *et al.*                          **DEFENDANTS**

<u>**ORDER**</u>

Before the Court are the Proposed Findings and Recommendation ("Recommendation") submitted by United States Magistrate Judge Patricia S. Harris (Dkt. No. 5). Plaintiff Rodney Barnett filed objections to the Recommendation (Dkt. No. 6). After careful consideration of the Recommendation and the objections, and after a *de novo* review of the record, the Court adopts the Recommendation as this Court's findings of fact and conclusions of law in all respects (Dkt. No. 5). The Court writes to address Barnett's objections (Dkt. No. 6).

The Court understands Barnett to argue that his allegations regarding Arkansas Department of Corrections ("ADC") protocol violate due process (*Id.*, at 1–2). The Court understands Barnett to argue that the alleged procedural violations prevented him from properly completing a grievance thereby preventing him from properly exhausting his administrative remedies (*Id.*). The Court overrules Barnett's objections because the Recommendation does not turn on whether Barnett properly exhausted his administrative remedies (Dkt. No. 5). As Judge Harris explained, Barnett does not have a federally protected due process right to ensure that the prison complies with its own policies and procedures (*Id.*, at 3).

Second, the Court understands Barnett to argue that being moved from a class 1 living area to class 4 living area constitutes atypical and significant hardship (Dkt. No. 6, at 2–3). Judge Harris explained that "[a]n inmate making a due process challenge to confinement in segregation

is required to 'make a threshold showing that the deprivation of which he complains imposed an "atypical and significant hardship."'" (Dkt. No. 5, at 4) (quoting *Portly-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002) (quoting *Sims v. Artuz*, 230 F.3d 14, 22 (2d Cir. 2000))).  As Judge Harris explained, the revocation of certain privileges, reassignment to a more dangerous barracks, and a job change to field work do not, without more, sufficiently allege the required "atypical and significant hardship." (Dkt. No. 5, at 5).  While the Court recognizes that these changes constitute a hardship for Barnett, to state a due process claim, Barnett must meet a more demanding standard than hardship alone.

Accordingly, the Court adopts the Recommendation as this Court's findings of fact and conclusions of law in all respects (Dkt. No. 5).  The Cour overrules Barnett's objections (Dkt. No. 6).  The Court dismisses without prejudice Barnett's complaint and amended complaint (Dkt. Nos. 2; 4).  The Court recommends that, in the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).  The Court certifies that an *in forma pauperis* appeal of this Order and accompanying Judgment would be frivolous and not taken in good faith.

It is so ordered this 10th day of June, 2026.

Kristine G. Baker
Chief United States District Judge